UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIAZ AFZAL, M.D.                                    CIVIL ACTION

VERSUS                                             NUMBER: 14-2786

CECILIA MOUTON, M.D.,                              SECTION: "A"(5)
ET AL.

## REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(1)/12(b)(6) motion to dismiss of Defendants, Cecilia Mouton, M.D. ("Mouton"), Mark H. Dawson, M.D. ("Dawson"), and the Louisiana State Board of Medical Examiners ("LSBME").  (Rec. doc. 6).  Plaintiff has filed no memorandum in opposition to Defendants' motion.[1/]   For the reasons that follow, it is recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed.

Fiaz Afzal, Plaintiff herein, is a former practicing physician who, at the time that suit was filed, was in the custody of the Immigration and Customs Enforcement branch of the Department of Homeland Security and was housed at the Tensas Detention Center in Waterproof, Louisiana.  (Rec. doc. 1, pp. 2, 3).  In 2013, an administrative complaint was filed with the LSBME charging Afzal with a number of violations of the Louisiana Medical Practice Act, LSA-R.S. 37:1261 *et seq.*, including his plea-based conviction for thirty-five

---

[1/] In a filing of March 6, 2015, counsel for Defendants advised the Court that he attempted to serve, via certified mail, a copy of the motion to dismiss on Plaintiff at the two mailing addresses that Plaintiff provided in his complaint but that neither of the "green cards" acknowledging receipt of the motion have been executed and returned to him.  (Rec. doc. 7).  Under Rule 5(b)(2)(c) of the Federal Rules of Civil Procedure, "[a] paper is served . . . by mailing it to the person's last known address – in which event service is complete upon mailing . . . "  Local Rule 11.1 also provides, in pertinent part, that "[e]ach . . . pro se litigant has a continuing obligation promptly to notify the court of any address . . . change."  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fifth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  (Rec. doc. 1, p. 5).

counts of Medicaid fraud in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and resulting placement on supervised probation for three (3) years.  (*See* Rec. doc. 6-2).  That complaint was prosecuted by Mouton on behalf of the LSBME.  (*Id.*).  On June 16, 2014, a formal hearing was convened before a panel of five doctors, with Dawson presiding, at which Plaintiff was present but unrepresented by counsel.  (*Id.*).  After considering the documentary evidence and the testimony that was adduced at the administrative hearing, on August 18, 2014, a written decision was issued by the LSBME in which it unanimously found Afzal guilty of the cited provisions of the Louisiana Medical Practice Act.  (*Id.*).  As sanctions, the LSBME suspended Afzal's medical license until the term of probation imposed by the Nineteenth Judicial District expired or for two years, whichever was longer, fined him $5,000, and cast him with all costs of the administrative proceeding.  (*Id.* at p. 4).  Numerous conditions of reinstatement were also established.  (*Id.* at pp. 4-6).  Availing himself of the right to judicial review prescribed by LSA-R.S. 49:964, Afzal has since filed a petition challenging the action of the LSBME in the Civil District Court for the Parish of Orleans under No. 2014-9849, which apparently remains pending as of this date.  (Rec. doc. 6-3).

Invoking 42 U.S.C. §1983, Plaintiff has now sued Drs. Mouton and Lawson and the LSBME, alleging that the termination of his medical license resulted from a violation of his substantive due process and equal protection rights.  Although he provides the Court with no documentary proof, Plaintiff states that that the Nineteenth Judicial District granted him an early termination of his probation on November 5, 2014.  He argues that the two-year suspension of his license ". . . is illegal/unfair as it constitutes cruel and unusual punishment based on the facts of . . . [his] case as explained in Judicial Review Request

Docket 2014-9849 . . .”; that the evidence presented at his administrative hearing was insufficient and was evaluated under an erroneously relaxed standard of review; and that he was wrongfully denied a rehearing and the opportunity to present further evidence in support of his position.  Contrary to the teachings of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), Afzal further argues that he has not been provided with any exculpatory evidence that may exist, including impeachment evidence pertaining to Mouton and others; that his prosecution amounted to discrimination based on race/religion; that Mouton refused to testify in his state criminal proceeding and was not subject to cross-examination at the administrative hearing leading to the suspension of his license; and that a number of LSBME members have not been lawfully reappointed to their positions.  For the foregoing transgressions, Plaintiff seeks declaratory and injunctive relief and an unspecified amount of compensatory and punitive damages.  (Rec. doc. 1).

    The Defendants now move for the dismissal of Plaintiff's claims against them on grounds of Eleventh Amendment immunity and, as to Mouton and Dawson individually, respectively based on quasi-prosecutorial and quasi-judicial immunities.  Citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), the Defendants further argue that the Court should abstain and defer to the proceedings pending in state court where Afzal is judicially challenging the suspension of his medical privileges.  Given the nature of the motion that is presently before the Court, the question to be resolved is whether, in light of the defenses raised by the Defendants, Plaintiff's allegations have sufficient facial plausibility to proceed further.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

    It is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacities.

*Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999)(citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986).  Moreover, neither states, their departments and agencies, nor state officials acting in their official capacities are considered to be "persons" within the meaning of §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).  The sovereign immunity embraced by the Eleventh Amendment is jurisdictional in nature.  *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 280 (5th Cir. 2002)(citing *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998)).

There being no evidence that the LSBME, which is a part of the Louisiana Department of Health and Hospitals, has consented to being sued in federal court, it is entitled to Eleventh Amendment immunity here.  *Farber v. La. State Bd. of Medical Examiners*, No. 06-CV-3475, 2006 WL 3531644 at *3 (E.D. La. Dec. 5, 2006), *aff'd*, 326 Fed.Appx. 314, 2009 WL 1582542 (5th Cir. 2009); *Torres-Jimenez v. La. State Bd. of Medical Examiners*, No. 89-CV-0721, 1995 WL 626155 at *2 (E.D. La. Oct. 23, 1995); *Creech v. La. Bd. of Medical Examiners*, No. 89-CV-0663, 1989 WL 62571 (E.D. La. June 8, 1989).  In light of these authorities, Defendants' motion should be granted and Plaintiff's claims against the LSBME and against Mouton and Dawson in their official capacities should be dismissed without prejudice for want of jurisdiction.  *See Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Tyson v. Tanner*, No. 08-CV-4445, 2009 WL 2899815 at *7 (E.D. La. Aug. 31, 2009).

Defendants Mouton and Dawson next move for the dismissal of Plaintiff's complaint as to them in their individual capacities, arguing that they are entitled to absolute immunity for the quasi-prosecutorial and quasi-judicial functions that they respectively

performed in the administrative proceedings resulting in the suspension of Plaintiff's medical privileges.

The Supreme Court has recognized two kinds of immunity to a §1983 claim: qualified and absolute. *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). Under "absolute immunity," a concept that has admittedly been recognized somewhat sparingly, a person whose federal rights have been violated by a government official is denied any type of remedy, regardless of the conduct. *Id.* (citing *Forrester v. White*, 484 U.S. 219, 224, 108 S.Ct. 538, 542 (1988)). "Although the Supreme Court has been rather conservative in its grants of absolute immunity, it has recognized that there are some officials whose duties include a full exemption from liability. Such officials include judges performing judicial acts within their jurisdiction, prosecutors in the performance of their official functions, and certain 'quasi-judicial' agency officials who, irrespective of their title, perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court." *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 511-17, 98 S.Ct. 2894, 2913-16 (1978)(internal citations omitted). Factors to be considered in determining whether a defendant is entitled to absolute immunity include:

1. the need to assure that the individual can perform his or her functions without harassment or intimidation;

2. the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct;

3. insulation from public influence;

4. the importance of precedent;

5. the adversary nature of the process; and,

6. the correctability of error on appeal.

*Id.* (citing *Cleavinger*
*v. Saxner*, 474 U.S. 193, 202,
106 S.Ct. 496, 501 (1985)).

"No one factor is controlling and the list of considerations is not intended to be exclusive."  *O'Neal*, 113 F.3d at 65 (citing *Mylett v. Mullican*, 992 F.2d 1347, 1352 (5th Cir. 1993)).

Considering the six factors enumerated in *O'Neal* and case law construing them, the Court readily concludes that Mouton and Dawson are entitled to absolute immunity for the quasi-prosecutorial and quasi-judicial functions that they respectively performed.  First, pursuant to its grant of authority, the LSBME is empowered to initiate and adjudicate administrative complaints leading to the ". . . suspension, revocation, imposition of probation on, or other disciplinary action against persons holding [medical] licenses . . ." LSA-R.S. 46:9901(A).  The performance of such functions requires freedom from the threat of personal harassment and intimidation.  *Beck v. Texas State Bd. Of Dental Examiners*, 204 F.3d 629, 636 (5th Cir. 2000); *O'Neal*, 113 F.3d at 66; *Schafer v. Ogden*, No. 13-CV-6607, 2014 WL 5824962 at *4 (E.D. La. Nov. 10, 2014), <u>modified</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u>, 2015 WL 349412 (E.D. La. Jan. 23, 2015).  Second, a number of procedural safeguards present in the processing of such complaints, such as notice of the hearing and the charges, the right to counsel, pre-hearing motion practice, the right to subpoena and to cross-examine witnesses, and the right to present evidence at a formal hearing, all go to reduce the need for separate remedies.  LSA-R.S. 46:9905(B), 9907(B), 9911, 9915, 9917, and 9921; *Beck*, 204 F.3d at 635-36; *O'Neal*, 113 F.3d at 66; *Schaffer*, 2014 WL 5824962 at *4.  Third, the members of the LSBME are appointed by the Governor and confirmed by the Louisiana State Senate and serve terms of finite length with limits which serve to shield the members

from political influence. *Beck*, 204 F.3d at 306; *O'Neal*, 113 F.3d at 66; *Schaeffer*, 2014 WL 5824962 at *4. "Fourth, although the role of precedent is not clear in the relevant statutes, the Fifth Circuit's precedent is clear that this factor is nonetheless not dispositive where the statutory requirements fulfill the other factors." *Schaeffer*, 2014 WL 5824962 at *4 (citing *Beck*, 204 F.3d at 636 and *O'Neal*, 113 F.3d at 66). Fifth, as noted above, administrative proceedings before the LSBME are adversarial in nature. *Beck*, 204 F.3d at 636, *O'Neal*, 113 F.3d at 66; *Schaeffer*, 2014 WL 5824962 at *4. And sixth, pursuant to LSA-R.S. 49:964, a physician who has been disciplined by the LSBME has the right to seek judicial review of that decision which Plaintiff herein has actually done. *Beck*, 204 F.3d at 636; *O'Neal*, 113 F.3d at 66; *Schaeffer*, 2014 WL 5824962 at *4.

In light of the ample authorities cited above, the Court concludes that Mouton and Dawson were acting in their quasi-prosecutorial and quasi-judicial functions in connection with the allegations presented by Plaintiff and are thus entitled to absolute immunity here. *Schaeffer*, 2014 WL 5824962 at *5. *See also Quatkemeyer v. Kentucky Bd. of Medical Licensure*, 506 Fed.Appx. 342 (6th Cir. 2012), *cert. denied*, __ U.S. __, 133 S.Ct. 1648 (2013); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992).

Finally, the moving Defendants urge the Court, under the teachings of *Younger*, *supra*, to abstain from entertaining this matter and to defer to the proceedings pending in state court where Plaintiff is judicially challenging the suspension of his medical license.

As observed by the Honorable Alvin B. Rubin in writing for the Fifth Circuit panel in *Thomas v. Texas State Bd. of Medical Examiners*, 807 F.2d 453, 454 (5th Cir. 1987), while federal courts should be wary of unnecessarily abdicating the determination of federal questions, ". . . federal courts yield jurisdiction to state courts when necessary to support

7

constitutional principles of federalism and attendant respect for state court jurisdiction . . ."
Recognizing that states possess a "great interest" in ". . . assur[ing] the competency of
physicians who practice in its borders," Judge Rubin noted that the *Younger* principle, as
extended to certain civil proceedings in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200
(1975), ". . . applies when such state proceedings are pending."  *Thomas*, 807 F.2d at 454-
55.  Because no state court proceedings initiated by the doctor whose medical license had
been revoked by the state administrative board following his conviction of a crime were
pending, the panel in *Thomas* found that *Younger* abstention was inappropriate.  *Id.* at 454-
57.  However, "[w]hen no state proceedings are pending, a federal action does not interfere
with or insult state processes and 'the policies on which the *Younger* doctrine is premised
have little force . . .'"  *Id.* at 457 (internal quotations and footnote omitted).

Contrary to the facts presented in *Thomas*, the Plaintiff in the present case has
availed himself of the judicial remedies available in the state court system, which is
empowered to rectify any alleged constitutional violations, R.S. 49:964(G)(1), and with
attendant appeal rights as in any other civil case.  LSA-R.S. 49:965.  Given the important
state interest in regulating the practice of medicine, as recognized in *Thomas*, and in light of
the pendency of the proceedings brought by Plaintiff in state court, *Younger* abstention is
appropriate here.  *Williams v. Gov't of Virgin Islands Bd. of Medical Examiners*, 360 Fed.Appx.
297 (3rd Cir. 2009), *cert. denied*, 560 U.S. 965, 130 S.Ct. 3445 (2010); *Zahl v. Harper*, 282
F.3d 204 (3rd Cir. 2002).  *See also Health Net, Inc. v. Wooley*, 534 F.3d 487, 494-95 (5th Cir.
2008).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __17th__ day of _____March_____, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE